# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**GEORGE J. WARNER,**

    **Plaintiff,**

vs.          No. CIV 00-0161 LCS

**MACALUSO OIL COMPANY,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on Defendants' Motion to Dismiss (Doc. 3), filed February 24, 2000. The United States Magistrate Judge, having reviewed the Motion, Memorandum, record, relevant authorities, and being otherwise fully advised,, finds that Defendants' motion is well-taken and recommends that it be granted.

## PROPOSED FINDINGS

1. The *pro se* Plaintiff brought this action under Title VII, alleging that he was employed by Defendant as a bulk plant manager when he was terminated and that Defendant engaged in unlawful employment practices, including discrimination on the basis of gender. Plaintiff filed his Complaint on February 9, 2000. Defendants filed its Motion to Dismiss on February 24, 2000, pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff failed to make any factual allegations regarding the alleged unlawful employment practices. Plaintiff failed to file a response.

2. A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957). In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1336 (10th Cir.1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F.3d 1150, 1152 (10th Cir.1998).

3. The Court construes a pro se plaintiff's complaint liberally holding it to a less stringent standard than that used for pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972); *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir.1988). In general, dismissal of a *pro se* complaint is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile. *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir.1997). At the same time, the Court may not act as the *pro se* litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), and must insure that the *pro se* party follows the same rules of procedure as any other litigant. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992).

4. In this case, the Complaint alleges no factual basis for Plaintiff's claims. It contains only the conclusory statement that "Defendant engaged in unlawful employment practices, including discrimination the basis of sex." Such a conclusory statement is insufficient

to withstand Defendant's Motion to Dismiss. *See Harlow v. Fitzgerald*, 457 U.S. 800, 817, 102 S. Ct. 2727, 2738, 73 L. Ed.2d 396 (1982); *Northern Trust Co. v. Peters,* 69 F.3d 123, 129 (7th Cir. 1995). To survive a motion to dismiss, a complaint alleging a claim under Title VII must contain more that conclusory statements. *See McNight v. Dormitory Auth. of New York*, 995 F. Supp. 70, 76 (N.D.N.Y.1998). The allegations must put the defendant on notice of the claims it must answer. *Id.* As Plaintiff fails to allege any factual basis for his claims, Defendant's Motion to Dismiss should be granted.

     5.    In the alternative, the Motion to Dismiss should be granted because Plaintiff failed to file a response. The Local Rules of this Court provide that failure to serve or file a response in opposition to any motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.5(b). Plaintiff failed to respond to Defendant's Motion to Dismiss. Plaintiff consented to the Motion by failing to file a response. Accordingly, Defendant's Motion to Dismiss should be granted pursuant to Local Rule 7.5(b).

## RECOMMENDED DISPOSITION

I recommend that Defendant's Motion to Dismiss, filed February 24, 2000, be granted and that Plaintiff's Complaint be dismissed.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. §636(b)(1)(C), file written objections to such proposed findings and recommended disposition with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings

and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**