## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GEORGE J. WARNER,

       Plaintiff,

vs.                                 No. CIV 00-0161 LCS

MACALUSO OIL COMPANY,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendant's Renewed Motion to Dismiss Plaintiff's Amended Complaint for Damages (Doc. 12), filed June 30, 2000. The United States Magistrate Judge, having reviewed the Motion, Response, Reply, record, relevant authorities, and being otherwise fully advised, finds this Motion is well-taken and recommends that it be **GRANTED**.

## PROPOSED FINDINGS

1.     The Plaintiff, then proceeding *pro se*, brought this action under Title VII, alleging that he was employed by Defendant as a bulk plant manager when he was terminated and that Defendant engaged in unlawful employment practices, including discrimination on the basis of sex. Plaintiff filed his Complaint on February 9, 2000. Defendant filed a Motion to Dismiss on February 24, 2000, pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff failed to make any factual allegations regarding the alleged unlawful employment practices. Plaintiff failed to file a

response.

2.      On April 20, 2000, I recommended that the Motion to Dismiss be granted.  Plaintiff, through counsel, filed timely Objections to the Proposed Findings and Recommended Disposition and requested leave to file an amended complaint.  On May 17, 2000, I withdrew my Proposed Findings and Recommended Disposition and granted Plaintiff leave to file an amended complaint.

3.       On May 26, 2000, Plaintiff filed his Amended Complaint, alleging that Defendant discriminated against him on the basis of his sex and retaliated against him because a co-worker accused him of sexual harassment.  In its Renewed Motion to Dismiss, Defendant argues that the Amended Complaint should be dismissed for failure to state a claim.

4.       A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  When considering a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party.  *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F. 3d 1226, 1336 (10th Cir.1999).  In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted.  *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F. 3d 1150, 1152 (10th Cir.1998).

5.      The Amended Complaint alleges that Defendant discriminated against Plaintiff on the basis of his sex and retaliated against him by terminating him because a co-worker accused him of sexual harassment.  Plaintiff asserts that the retaliation included "an abject failure to investigate the allegations against plaintiff and firing him on the basis of unsubstantiated allegations which could not

2

have risen to the level of actionable sexual harassment." (Compl. at 2.)  Based on the allegations of the Amended Complaint, it may be inferred that Plaintiff is male.

6.     Title VII makes it unlawful for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment on the basis of sex.  *See* 42 U.S.C. § 2000e-2(a)(1).  Title VII prohibits retaliation against employees for asserting their rights under Title VII, providing that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).

7.     The Amended Complaint does not contain any factual allegations that would support a finding that the termination was the result of discrimination based on Plaintiff's sex.  The Amended Complaint also does not contain any factual allegations that would support a finding that Defendant retaliated against Plaintiff because he opposed any employment practice made unlawful by Title VII.  Indeed, Plaintiff asserts that Defendant retaliated against him by failing to investigate allegations brought against him.

8.     In order to establish a *prima facie* case of retaliation, Plaintiff must show that: (1) he engaged in protected opposition to discrimination or participation in a proceeding arising out of discrimination; (2) he was subjected to adverse employment action by his employer; and (3) a causal connection exists between the protected activity and the adverse action.  *See McCue v. Kansas Dep't of Human Resources*, 165 F. 3d 784, 789 (10th Cir.1999).  Plaintiff has failed to allege that he engaged in protected opposition to discrimination or participation in a proceeding arising out of

discrimination. Because Plaintiff failed to allege he engaged in a protected activity, he also failed to allege a causal connection between the protected activity and the adverse action. Accepting the allegations of the Amended Complaint as true, the Amended Complaint is legally insufficient to state a claim upon which relief may be granted. *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F. 3d at 1152. Therefore, I recommend that Defendant's Renewed Motion to Dismiss Amended Complaint be granted.

9.     In his Response to the Motion to Dismiss, Plaintiff asserted additional facts which were not included in the Amended Complaint. Plaintiff did not seek, and was not granted, leave to file a second amended compliant including these additional facts. Therefore, these additional facts are not properly before the Court. Moreover, the Court observes that, even if these additional facts were considered, they do not allege that Defendant discriminated against Plaintiff on the basis of his sex or that Plaintiff engaged in a protected activity within the meaning of Title VII. Therefore, the additional facts would be insufficient to state a claim for sex discrimination or retaliation under Title VII.

### RECOMMENDED DISPOSITION

I recommend that Defendant's Renewed Motion to Dismiss Plaintiff's Amended Complaint for Damages (Doc. 12), filed June 30, 2000, be granted and that Plaintiff's Amended Complaint be dismissed.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. §636(b)(1)(C), file written objections to such

4

proposed findings and recommended disposition with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**